IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE ALFREDO MORENO § | | |
|     NO. 10103576 § | | |
| v. § | | C.A. NO. C-13-011 |
| § | | |
| NUECES COUNTY JAIL § | | |

## OPINION AND ORDER OF DISMISSAL

This civil rights action was filed by an individual incarcerated at a county jail pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper.  Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam) (citations omitted).  Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's claims against defendant are dismissed with prejudice for failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and § 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28

U.S.C. § 1331. Upon consent of plaintiff, (D.E. 11), this action was referred to a United States Magistrate Judge to conduct all further pleadings, including entry of final judgment. (D.E. 12); see also 28 U.S.C. § 636(c).

## II. FACTUAL ALLEGATIONS

Plaintiff is an inmate at the Nueces County Jail, and his lawsuit involves events that occurred at the jail facility. He filed his original complaint on January 14, 2013 and named the following individuals or entities as defendants: (1) Jim Kaelin, Nueces County Sheriff; and (2) the Nueces County Jail.

A Spears[1] hearing was held on March 19, 2013. The following allegations were made in plaintiff's original complaint, (D.E. 1),[2] amended complaint, (D.E. 9), or at the hearing:

Plaintiff arrived at the Nueces County Jail on July 10, 2012. Upon his arrival, he was given a copy of the Jail Inmate Handbook, which outlined basic jail rules and procedures.

On December 11, 2012, Sergeant Arrizmendez and four other officers conducted a shakedown of plaintiff's living area, section 4-D. Plaintiff was found to have in his possession a torn jail blanket, and also, loose pages that had been ripped from a law book of the Jail's law library. Sergeant Arrizmendez advised plaintiff that he would be charged with damage to jail property for both the torn blanket and the law book in two separate disciplinary cases.[3] As to the

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

[2] Plaintiff initially characterized his lawsuit as one seeking § 2254 habeas corpus relief. (D.E. 1). However, he was not seeking habeas relief but damages, and he was ordered to replead his claims on a § 1983 complaint form. (D.E. 4); see also (D.E. 9) (amended complaint).

[3] Following the shakedown, at least two other offenders were charged with destruction of jail property. An inmate named Rosas was charged $7.00 for damage to his bedroll, but he did not receive a disciplinary case. An inmate named Martinez was given two disciplinary cases because he had in his possession a torn blanket and an electrical wire. For the torn blanket, Offender Martinez was given a seven-day rack-up and his trust fund account

blanket, plaintiff signed a waiver concerning the disciplinary hearing and as punishment, he was given seven days rack-up, and his inmate trust fund account was charged an amount less than $20.00. As to the law book, plaintiff was advised that the officer in charge of the law library, Officer Cooper, would investigate and estimate the cost of damage to the book. On December 17, 2012, jail officials deducted a total of $188.00 from his inmate trust fund account for damage to the blanket and the law book.

Plaintiff contends that jail officials violated his due process rights when they deducted a sum of money from his inmate trust fund account for damage to the law book without notice or hearing. He claims that he waived a hearing as to the torn blanket only, and that Officer Cooper falsely noted on the disciplinary record that plaintiff had waived his right to a hearing concerning damage to the law book. Plaintiff disputes the amount charged to his account arguing that there was no investigation as to the true cost of damage to the law books, and he maintains that the punishment he received was too severe in the context of the offenses committed. Through this action, he seeks compensatory damages in the amount of $170.00, and punitive damages of $1,000.00.

### III. DISCUSSION

**A.     The Legal Standard For Screening Inmate Civil Rights Actions.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). It is well established that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

---

was charged $12.25. He was given an additional fourteen-day rack-up for the electrical wire.

deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.     Nueces County Is The Proper Defendant For Plaintiff's Claims.**

Plaintiff identified the Nueces County Jail itself as a defendant, as well as the sheriff of Nueces County, Jim Kaelin. However, the jail, as a department of Nueces County, does not enjoy a separate legal existence from the county, and as such, is not a proper party. See Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991).

Similarly, plaintiff has named Sheriff Kaelin as a defendant, but he has not alleged any facts to suggest that Sheriff Kaelin was personally involved in the shakedown of plaintiff's cell or the damage assessment charged to his account. The only way Sheriff Kaelin could be possibly implicated in these claims is through his supervisory capacity but, pursuant to § 1983, supervisory officials are not liable for their subordinates' actions on any vicarious liability theory. Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002).

In actuality, plaintiff is claiming that Nueces County has an unconstitutional policy or practice in regards to its deducting funds as punishment for jail infractions, claims that are properly raised against Nueces County. See Monell v. Department of Soc. Servs., 436 U.S. 658 (1978). Thus, plaintiff's claims against the Nueces County Jail and Sheriff Kaelin are dismissed

for failure to state a claim, and Nueces County is substituted herein as the proper party defendant.

**C.     Plaintiff's Claim Against Nueces County Is Without Merit.**

Plaintiff suggests that Nueces County has an illegal policy of accessing unreasonable fines against inmates for damage to jail property in violation of their due process rights.  In particular, he claims that Nueces County charged him for damage to a law book and withdrew money from his account without notice or hearing in violation of his due process rights.

It is well-established that an inmate has a property interest in his inmate trust fund account and is entitled to due process concerning the disciplinary measures imposed to deprive him of the funds.  See Rosin v. Thaler, 417 F. App'x 432, 434 (5th Cir. 2011) ("A prisoner has a protected property interest in the funds in his prison account.") (citations omitted); see also Abdullah v. State, 211 S.W. 3d 938, 943 (Tex. App. 2007) ("A prison inmate has a property interest in his inmate trust account.") (citations omitted).  The due process rights of prisoners are not absolute, however, because the legitimate security needs of a corrections institution must be accommodated.  See Bell v. Wolfish, 441 U.S. 520, 554 (1979).  Accordingly, the courts should defer to prison administrators' adoption and implementation of policies needed to ensure order and security.  See Pell v. Procunier, 417 U.S. 817, 827 (1974).

In Reeves v. Pettcox, 19 F.3d 1060 (5th Cir. 1994) (per curiam), the Fifth Circuit examined whether due process dictates that prison officials give an inmate individual notice of all possible collateral consequences of a prison rule infraction when giving notice of or sentencing for a charged offense.  Id. at 1061.  In that case, the petitioner was disciplined for placing his food tray in the "run" outside of his cell.  Although putting the food tray in the run

did violate written prison policy, he argued that he had never been given notice of the policy. The Fifth Circuit found the credible evidence established that the petitioner could not have known that his conduct was prohibited before he was charged with a disciplinary offense, and that it was a violation of his due process rights to punish him for an act he did not know was prohibited. Id. Specifically, he could not have known about the violation because he had never received a copy of the rules when he entered the prison. Id.

In this case, however, plaintiff does not suggest that he was unaware that his possession of pages torn from a law library book was prohibited. He admits that he was provided with a handbook of jail rules and policies upon his arrival at the jail in July 2012, and he acknowledged that he was aware that he could be punished for damaging jail property. Although plaintiff maintains that he should have received separate notices for each alleged offense, *i.e.*, damage to the blanket and damage to the law book, he admits that he was notified of the offenses against him following the shakedown, that the notice of hearing charged "destruction of jail property," and that he waived the disciplinary hearing. Although plaintiff claims now that he believed he was waiving only the hearing on the torn blanket, the miscommunication does not render the process in violation of due process. Indeed, plaintiff's primary objection is not that he was charged with either offense, but that the penalty accessed was higher than he thought reasonable. However, even if plaintiff was charged more for damage to the law book than he anticipated, he fails to offer any facts to establish that he was not aware that the conduct disciplined was in fact prohibited under jail rules. Thus, his basis for a due process claim is without merit.

To the extent plaintiff claims that Nueces County charged him an unreasonable amount or failed to investigate properly the true cost of damage to the book, such allegations fail to raise

constitutional concerns.

## IV. CONCLUSION

For purposes of § 1915A, taking all of plaintiff's allegations as true, he fails to allege facts that state a cognizable § 1983 claim, and accordingly, this case is dismissed with prejudice for failure to state a claim or frivolous.

ORDERED this 3rd day of April 2013.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE